Richard V. McBEE

v.

MACK TRUCKS, INC.

Civ. No. S 85–1379.

United States District Court,
D. Maryland.

March 26, 1987.

Marc Maurer, Steven Keller, Maurer Law Firm, P.A., Baltimore, Md., Paul J. Schwab, Jonathan A. Azrael, Azrael, Gann and Franz, Towson, Md., for plaintiff.

Richard T. Sampson, Stephen M. Silvestri, Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

Memorandum and Order.

SMALKIN, District Judge.

This is a case filed under the diversity jurisdiction of this Court, in which the plaintiff alleges that a conciliation agreement executed pursuant to § 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793 (1987 Supp.), between his employer, Mack Trucks, Inc., and the Office of Federal Contract Compliance Programs has been breached. The plaintiff claims, apparently, as a third-party beneficiary of that conciliation agreement, in which he is, *inter alia*, referred to as a beneficiary (Part I.6), and under which Mack Trucks agreed to reimburse or pay him specific amounts in back pay and front pay, and to provide educational and fringe benefits. Plaintiff alleges that Mack has not performed its undertakings as agreed.

The defendant has moved to dismiss for failure to state a claim, Fed.R.Civ.P. 12(b)(6), arguing that, because there is no private right of action under § 503, there can be no diversity-based action in a federal court to enforce a § 503 conciliation agreement on a third-party beneficiary basis. As best the Court can understand defendant's theory, it is that, despite the apparently undoubted diverse citizenship of the parties, the claim is essentially a federal-rights based claim, under 28 U.S.C. § 1331. If so, then, the fact that § 503 preempts state-created third party beneficiary rights, *see Howard v. Uniroyal, Inc.*, 719 F.2d 1552 (11th Cir.1983), pre-empts federal common-law third party beneficiary rights, see *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474 (7th Cir.1985), and precludes an implied right of direct action, *see Painter v. Horne Bros., Inc.*, 710 F.2d 143 (4th Cir.1983), means that there can be no claim for relief stated under federal law, and the complaint must therefore be dismissed.

The Court agrees almost completely with the defendant's arguments. The Court's disagreement, though small, is fatal to defendant's position on dismissal.

A close reading of the cases cited above, and those cited within them, holding that § 503 pre-empts both federal and state

common law claims based on a third party beneficiary theory discloses that, in all of them, the plaintiff was seeking to rely on such theory to create a contractual duty, running to him, on the part of his employer, not to discriminate. If recognized, such a duty could then be the subject of a cause of action, whether state-law or federally based, for breach of contract. *Howard* and *D'Amato* both rejected, and quite correctly so, this approach to private enforcement of § 503–mandated anti-discrimination provisions in federal contracts.

In this case, however, plaintiff seeks not to enforce the anti-discrimination clauses of the original federal contract with Mack, but to enforce the conciliation agreement. Thus, neither *Howard* nor *D'Amato* is apt. The concern of these cases with the strong policy reasons against interjecting common-law claims into the careful administrative compliance mechanism spun out under § 503 is obviously of no further consequence *after* that mechanism has resulted in an undertaking by the employer, specific in terms, to the private benefit of a named, individual employee. *See* the discussion of *Smith v. Evening News Ass'n.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1963), in *D'Amato*, 760 F.2d at 1480 n. 5. This Court is of the opinion that no federal policies like those barring a third party's common law enforcement of § 503 anti-discrimination clauses bars the present, remedial suit; its maintenance disturbs no delicate administrative process and is not in the least inconsistent with § 503's overall scheme. In short, this is no more than a third-party beneficiary claim arising under state law, and, so long as there is diversity of citizenship, there is a claim stated within this Court's subject matter jurisdiction. 28 U.S.C. § 1332.

For the reasons stated, defendant's motion to dismiss is hereby *denied.*